UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KAYLA ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING [24] PLAINTIFF'S OBJECTION AND ADOPTING [23] REPORT AND RECOMMENDATION**<br><br>Case No. 2:26-cv-00097-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Plaintiff's Objection[1] to Magistrate Judge Jared C. Bennett's Report and Recommendation,[2] which recommends this action be dismissed for lack of jurisdiction. For the reasons stated below, the court overrules Plaintiff's objection, adopts the report and recommendation, and dismisses this action without prejudice.

## BACKGROUND

Plaintiff Kayla Ellis, who proceeds pro se and in forma pauperis under 28 U.S.C. § 1915,[3] brought this action against Defendant Southwest Airlines for charging Ms. Ellis $115 for checked bag fees associated with two of her flights with Defendant.[4] Because, as Ms. Ellis alleges, Defendant "had a lifelong policy of no fees," she alleges that the bag fees violate

[1] Pl.'s Response to Report Recommendations ("Objection"), ECF No. 24, filed Sept. 14, 2026.
[2] Report & Recommendation ("R&R"), ECF No. 23, filed Aug. 31, 2026.
[3] *See* Order Granting Motion to Proceed In Forma Pauperis, ECF No. 22, filed August 31, 2026.
[4] Amend. Compl. & Jury Trial Demand Request for Mediation ("Amend. Compl.") ¶¶ 1–3, ECF No. 8, filed April 2, 2026.

Defendant's mission.[5] In her amended complaint, Ms. Ellis demands $45,000,000 for "recovery of overpayment" and references the Utah Consumer Sales Practice Act ("UCSPA")[6] as the basis for the court's jurisdiction.[7] The amended complaint does not state a cause of action but instead asserts entitlement to recovery of liquidated damages and costs; economic damages including monetary, education, and travel damages; and punitive damages "because [Defendant] ha[s] shown thoughtlessness and shocking behavior to the Plaintiff even with the 'loving' commitment they express."[8] The Magistrate Judge screened Ms. Ellis' action for jurisdiction and filed a report and recommendation ("R & R").[9] Having found that Ms. Ellis failed to adequately invoke this court's subject matter jurisdiction because there is no federal question or basis for diversity jurisdiction, the Magistrate Judge recommended that this action be dismissed without prejudice.[10]

Ms. Ellis timely objects to the R & R, raising the following arguments: (1) the policies of the UCSPA, under which Ms. Ellis seems to base her claim, are "consistent with the policies of the Federal Trade Commission Act relating to consumer protection"; and (2) although "Plaintiff accepts that the amended complaint fails to allege $75,000 amount in controversy required," the court should find diversity jurisdiction because "she has the Burden of Proof . . . on her side" and her luggage "holds a limitless *value*."[11]

---

[5] *Id.* ¶¶ 2, 10.
[6] UTAH CODE §§ 13-11-1 to -23.
[7] *See* Amend. Compl.; *id.* ¶ 4.
[8] *Id.* ¶¶ 17, 19, 20.
[9] *See* R & R.
[10] *See id.* at 4–6.
[11] Objection 2–5.

## STANDARD

The court conducts a "de novo" review of any part of a report and recommendation for which a party offers a timely and proper objection.[12] To trigger de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific."[13] "This means the objection must be 'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute.'"[14]

The court recognizes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[15] But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[16] Accordingly, the court "will not supply additional facts, nor . . . construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded."[17]

## DISCUSSION

Ms. Ellis objects to the R & R's conclusions that she has not properly alleged a federal question or diversity jurisdiction to invoke the court's subject matter jurisdiction. The court conducts a de novo review of these conclusions in turn.

---

[12] Fed. R. Civ. P. 72(b)(3).
[13] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[14] *Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025) (quoting *2121 E. 30th St.*, 73 F.3d at 1060).
[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2025)).
[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[17] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## I. Federal Question Jurisdiction

First, Ms. Ellis objects to the Magistrate Judge's recommendation that Ms. Ellis' complaint failed to allege a federal question under 28 U.S.C. § 1331.[18] The amended complaint asserts the basis for the court's jurisdiction as the UCSPA, a Utah state statute.[19] The Magistrate Judge determined that Ms. Ellis failed to present a federal question because, at most, the amended complaint brings a claim under the UCSPA and, at worst, the amended complaint merely alleges a violation of Defendant's mission.[20] Ms. Ellis objects, stating she "recognizes" that she only references the UCSPA in her amended complaint but requests that the court "kindly accept knowledge that it is also consistent with the policies of the Federal Trade Commission Act [("FTCA")] to consumer protection."[21] But federal question jurisdiction under 28 U.S.C. § 1331 exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[22] That involves "plead[ing] a colorable claim arising under the Constitution or laws of the United States."[23] Ms. Ellis' amended complaint does not plead a federal question. At best, she alleges a violation of a state law, the UCSPA. Even accepting Ms. Ellis' assertion that UCSPA has policies consistent with FTCA, the amended complaint does not plead a claim under that statute. Accordingly, the court agrees with the Magistrate Judge that Ms. Ellis fails to allege a federal question to invoke the court's jurisdiction under 28 U.S.C. § 1331.

---

[18] Objection 1.
[19] Amend. Compl. ¶ 4.
[20] *See* R & R 4–5.
[21] Objection 1–2.
[22] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[23] *McKenzie v. United States Citizenship & Immigration Services, Dist. Director*, 761 F.3d 1149, 1155 (10th Cir. 2014) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006)).

## II. Diversity Jurisdiction

Second, Ms. Ellis objects to the Magistrate Judge's conclusion that her amended complaint fails to allege the $75,000 amount in controversy required to establish diversity jurisdiction.[24] The amended complaint demands $45,000,000 but only pleads facts that show that $115 of baggage fees are at issue.[25] The amended complaint also does not specify a claim but asserts entitlement to economic damages, liquidated damages, and punitive damages.[26] The Magistrate Judge ruled that the amended complaint does not allege the $75,000 jurisdictional floor because "Ms. Ellis fails to meet her burden to allege how a dispute over $115 in baggage fees could meet the $75,000 amount in controversy required to sustain diversity jurisdiction."[27] Ms. Ellis objects, arguing that although the "Plaintiff accepts that the amended complaint fails to allege $75,000 amount in controvers[]y required . . .[,] the burden of establishing the amount in controvers[]y falls on the Defendant."[28] Ms. Ellis argues further by referencing "the demand value" and asking the court to treat her bags as "hold[ing] a limitless *value*."[29]

A plaintiff invokes the court's diversity jurisdiction under 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and, relevant here, the action is between "citizens of different States."[30] "The claimant must allege facts showing damages bearing a *reasonable relation* to the jurisdictional amount."[31] "Merely asserting an amount in

---

[24] Objection 2–6.
[25] *See* Amend. Compl.
[26] *Id.* ¶¶ 17, 20.
[27] R & R 6.
[28] Objection 2.
[29] *Id.* at 5.
[30] 28 U.S.C. § 1332(a).
[31] *Interstate Med. Licensure Compact Comm'n v. Bowling*, 113 F.4th 1266, 1274 (10th Cir. 2024) (emphasis added); *see also Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973) ("[S]ufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor.").

controversy equal to the minimum sum required does not entitle [a party] to sue in federal court."[32] When subject matter jurisdiction is questioned based on the amount in controversy requirement, the plaintiff bears the burden to "show that it does not appear to a legal certainty that they cannot recover the jurisdiction amount."[33] In other words, Ms. Ellis "has the burden of establishing jurisdiction" and "can meet this burden by demonstrating that it is not legally certain that the claim is less than the jurisdictional amount."[34] The legal certainty standard usually applies "when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction."[35]

Here, Ms. Ellis has failed to show "that it is not legally certain that the claim is less than [$75,000]"[36] because she explicitly agrees that that amount in controversy does not exceed $75,000.[37] And Ms. Ellis' argument that her baggage should be given a "limitless" value does not resolve that deficiency. Ms. Ellis' claim is for the $115 of baggage fees she paid flying on Defendant's airline, the value of the contents of that baggage is irrelevant to her claim for recovery of those fees.[38] The court cannot see how the well-pled facts in Ms. Ellis' complaint bear a reasonable relation to anything beyond the $115 in fees, let alone the $75,000 jurisdictional floor or the $45,000,000 demanded. Although Ms. Ellis "stated the amount"

---

[32] *Gibson*, 478 F.2d at 221. *But cf. Interstate Med. Licensure Compact Comm'n*, 113 F.4th at 1274 ("The amount asserted in the complaint generally controls for subject-matter jurisdiction.").
[33] *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003) (quoting *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994) (internal quotation marks omitted)); *see also Gibson*, 478 F.2d at 221 ("[T]he burden of proving jurisdiction is on the party asserting it.").
[34] *Woodmen*, 342 F.3d at 1216.
[35] *Id.* at 1217.
[36] *See id.* at 1216.
[37] *See* Objection at 2 ("The Plaintiff accepts that the amended complaint fails to allege $75,000 amount in controvers[]y required.").
[38] *See* UTAH CODE § 13-11-19(2) ("A consumer who suffers loss as a result of a violation of [the UCSPA] may recover actual damages plus court costs.").

demanded as $45,000,000, she does not "provide[] an explanation" to support that amount or plead facts bearing a reasonable relationship to it.[39]

But even if the court went beyond Ms. Ellis' admission to scour the amended complaint for any alleged facts that bear a reasonable relation to the jurisdictional amount, the court would determine that it is a legal certainty that Ms. Ellis could not recover over $75,000. Ms. Ellis alleges facts showing a dispute of $115 and makes only conclusory allegations to an entitlement of other economic damages, liquidated damages, and punitive damages. The one allegation that could conceivably exceed $75,000 is the asserted entitlement for punitive damages. Punitive damages, however, are not without limits.[40] Under Utah law, "a punitive damages award is 'presumptively excessive' . . . if it exceeds actual damages by a ratio of greater than 3:1."[41] And that presumption may only be overcome by consideration of several fact-specific factors.[42] The United State Supreme Court has also weighed in on punitive damages, noting that while double-digit multipliers are less likely to comport with due-process, those ratios "may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'"[43]

In order for Ms. Ellis to bridge the gap between her $115 baggage fees to the $75,000 jurisdictional floor, she would need to recover punitive damages in excess of $74,885—a 651:1

[39] *Cf. Bowling*, 113 F.4th at 1276.
[40] And those limits matter when assessing the amount in controversy. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 (D. Colo. 2007) (determining that "punitive damages may be included in the amount in controversy if awardable under applicable state law, but only in the amount which the state law authorizes" (citing *Watston v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)); *Brunson v. Next Gen Drivetrain*, No. 2:25-cv-00734-CMR, 2026 WL 2676688, at *5 (D. Utah Sept. 11, 2026) (same).
[41] *Biesele v. Mattena*, 2019 UT 30, ¶ 37, 449 P.3d 1.
[42] *See id.*
[43] *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (citation modified).

ratio. That punitive damages to actual damages ratio is, of course, presumptively excessive under Utah law. Even assuming that Ms. Ellis could recover punitive damages at all, the amended complaint does not plead facts that could justify overcoming that presumption. Similarly, the allegations in the amended complaint "do not demonstrate a particularly egregious act necessary to justify a punitive award approaching" that massive ratio.[44] Because the amended complaint could not sustain a 651:1 punitive damages multiplier, it is a legal certainty that Ms. Ellis could not recover the $75,000 jurisdictional floor.

Accordingly, the court agrees with the Magistrate Judge that Ms. Ellis fails to allege a sufficient amount in controversy to invoke the court's diversity jurisdiction under 28 U.S.C. § 1332.

In sum, the court determines that it does not have subject matter jurisdiction over this matter. Because the court has an "independent obligation to determine whether subject-matter jurisdiction exists,"[45] the court must dismiss Ms. Ellis' amended complaint for lack of subject-matter jurisdiction.[46] Accordingly, the court adopts the R & R.

**ORDER**

For the reasons stated above, the court:

1. OVERRULES Plaintiff's Objection to the Report and Recommendation.[47]

2. ADOPTS the Report and Recommendation.[48]

[44] *See Brunson*, 2026 WL 2676688, at *6 (dismissing an action for lack of subject matter jurisdiction because the complaint's allegations could not sustain the punitive damages necessary to meet the amount-in-controversy threshold).
[45] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).
[46] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determined at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").
[47] ECF No. 24.
[48] ECF No. 23.

3. DISMISSES this case without prejudice.

Signed September 23, 2026.

BY THE COURT

David Barlow
United States District Judge